FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

2008 DEC 18  P 4: 52

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | Civil Action No. 2:08-cv-00243-CW |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MADISON REAL ESTATE GROUP, LLC, a Wyoming limited liability company, RICHARD AMES HIGGINS, BRANDON S. HIGGINS, and ALLAN D. CHRISTENSEN, | § | ORDER MODIFYING STAY AS TO THE OAKRIDGE APARTMENTS AND OVERLAKE APARTMENTS TO ALLOW FOR JUDICIAL FORECLOSURE |
| Defendants. | § | |
| | § | JUDGE CLARK WADDOUPS |

WHEREAS on March 28, 2008, the Securities and Exchange Commission ("**SEC**") filed

suit against Madison Real Estate Group, Richard Ames Higgins, Brandon S. Higgins, and Allen

Christensen for their alleged participation in a real estate ponzi scheme involving 24 properties.

This scheme allegedly violated the Securities Act of 1933 and the Securities and Exchange Act

of 1934. This Court appointed Mr. Roger McConkie as the receiver ("**Receiver**") for the

Madison Real Estate Group companies;

WHEREAS on March 31, 2008, the Court entered the Second Order Granting Ex Parte

Motion for Stay of Litigation staying any act to obtain possession of, or exercise control over,

property held by the Defendants and Limited Partnerships (including Oklahoma Oakridge Village LP and Oklahoma Overlake LP) and any act to create, perfect or enforce any lien against property held by the Defendants and Limited Partnerships (including Oklahoma Oakridge Village LP and Oklahoma Overlake LP);

WHEREAS on June 11, 2008, the Court entered an Order Modifying Second Order Granting Ex Parte Motion for Stay of Litigation which expanded the provisions of the March 31, 2008, Second Order Granting Ex Parte Motion for Stay of Litigation so as to prohibit any action against (a) the individual investors in the Madison Real Estate Group, LLC ("**Madison**") and its related limited partnerships and (b) the individual tenants in common holding interests in the property held in part by Madison or the Limited Partnerships to collect or enforce loans or other financial obligations incurred by the investors and/or tenants in common which obligations are related to, incurred in connection with, or secured by the property held by Madison or the Limited Partnerships (the "**Stay**");

## I.    *Oakridge Village Apartments:*

WHEREAS on May 19, 2008, the Court entered an Order Authorizing Receiver to Relinquish Interest in Real Property of the Estate (Oakridge Village) and on June 3, 2008, the Receiver formally abandoned any real property interest held by the Receivership Estate in the Oakridge Apartments;

WHEREAS Wells Fargo Bank, N.A., as Trustee for the Registered Holders of LaSalle Commercial Mortgage Securities, Inc. 2007-MF5, Commercial Mortgage Pass-Through Certificates, Series 2007-MF5, is the current owner and holder of that certain Multifamily Note (the "**Oakridge Note**"), dated effective March 30, 2007, executed by (i) Oklahoma Oakridge Village, LP, an Oklahoma limited partnership, (ii) Marlene J. Walshin, Trustee of the Marlene J.

Walshin Trust, under declaration of trust (u/d/t) dated April 27, 1990, as amended and restated on November 14, 2006, and (iii) Jean M. Kahahane, Trustee of the 1999 Robert J. LeFave and Jean M. Kahahane Revocable Family Trust u/d/t dated May 11, 1999 (collectively, the "**Oakridge Borrowers**"), as maker, payable to the order of Trans Lending Corp., as payee, in the original principal amount of $3,900,000.00 (the "**Oakridge Loan**");

WHEREAS the Oakridge Note is secured by, among other things, that certain Multifamily Mortgage, Assignment of Rents and Security Agreement and Fixture Filing (the "**Oakridge Mortgage**"), dated effective as of March 30, 2007, executed and delivered by the Oakridge Borrowers, as mortgagor/grantor, unto Trans Lending Corp., as lender, whereby the Oakridge Borrowers granted a lien on the Oakridge Apartments and the other property described therein to secure, among other things, the Oakridge Borrowers' obligations under the Oakridge Note;

WHEREAS the Oakridge Note is also secured by, among other things, that certain Guaranty of Payment (the "**Oakridge Guaranty**") executed by Brandon S. Higgins, individually, Marlene J. Walshin, individually, and Jean M. Kahahane, individually in favor of the Trans Lending Corp.;

## II.    *Overlake Apartments:*

WHEREAS on November 13, 2008, the Court entered an Order Authorizing Receiver to Relinquish Interest in Real Property of the Estate (Overlake Apartments) and on or about November 21, 2008, the Receiver formally abandoned any real property interest held by the Receivership Estate in the Overlake Apartments;

WHEREAS LaSalle Bank National Association, as Trustee for the Registered Holders of LB-UBS Commercial Mortgage Trust 2007-C3, Commercial Mortgage Pass-Through

Certificates Series 2007-C3, is the current owner and holder of that Multifamily Note (the "**Overlake Note**"), effective March 14, 2007, executed by (i) Oklahoma Overlake, LP, an Oklahoma limited partnership, and (ii) Imperial LLC, a Utah limited liability company (collectively the "**Overlake Borrowers**"), as maker, payable to the order of Lehman Brothers Bank, FSB, as payee, in the original principal amount of $7,000,000.00 (the "**Overlake Loan**");

WHEREAS the Overlake Note is secured by, among other things, that certain Mortgage and Security Agreement (the "**Overlake Mortgage**"), dated to be effective March 14, 2007, executed by the Overlake Borrower as mortgagor/grantor for the benefit of Lehman Brothers Bank, FSB, as lender whereby the Overlake Borrowers granted a lien on the Overlake Apartments and the other property described therein to secure, among other things, the Overlake Borrowers' obligations under the Overlake Note;

WHEREAS the Overlake Note is also secured by, among other things, that certain Guaranty of Recourse Obligations of Borrower (the "**Overlake Guaranty**") executed by Allan Christensen, individually and Brandon S. Higgins, individually, (each a "**Guarantor**" and collectively the "**Guarantors**") in favor of the Trans Lending Corp.;

WHEREAS the State of Oklahoma requires a judgment finding money due and owing as a prerequisite to a foreclosure sale;[1]

IT IS HEREBY ORDERED that the Stay prohibiting Wells Fargo Bank, N.A., as Trustee for the Registered Holders of LaSalle Commercial Mortgage Securities, Inc. 2007-MF5, Commercial Mortgage Pass-Through Certificates, Series 2007-MF5, and LaSalle Bank National Association, as Trustee for the Registered Holders of LB-UBS Commercial Mortgage Trust

---

[1] 12 O.S.A. §686.

2007-C3, Commercial Mortgage Pass-Through Certificates Series 2007-C3 (collectively referred to as "**Lenders**") both acting by and through Midland Loan Services, Inc. ("**Midland**"), as Special Servicer, from seeking a judgment against the Oakridge Borrowers and the Overlake Borrowers is lifted to allow Midland to file lawsuits in the Oklahoma District Courts for the purpose of requesting the appointment of a receiver and obtaining judgments thereby permitting judicial foreclosure of property securing the Oakridge Note and Overlake Note under the respective mortgages and Oklahoma law.

Specifically, the stay is lifted to allow the Lenders to:

1.   obtain judgments against all makers, including tenants in common and all guarantors, on the Oakridge Note and the Overlake Note, respectively, finding money due and owing to Lenders;

2.   conduct judicial foreclosure sales in accordance with Oklahoma state law in accordance with the judgments obtained; and,

3.   file motions seeking deficiency judgments against all makers, including tenants in common and all guarantors, on the Oakridge Note and the Overlake Note, respectively, after the foreclosure sale of the mortgaged properties; however, any such motions shall be immediately stayed until further order of this Court;

IT IS FURTHER ORDERED that the Stay shall remain in effect as to any action except as explicitly provided herein.

Dated this *18th* day of December 2008.

BY THE COURT:

CLARK WADDOUPS
U.S. DISTRICT JUDGE