IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MADISON REAL ESTATE GROUP, LLC, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08-cv-00243 CW<br><br>Judge Clark Waddoups |

The Crosby Green Intervenors[1] have filed a Motion to Stay Consideration of the Receiver's Motion for Order Directing Payment of Receivership Expenses. The Crosby Green Intervenors seek a stay on the basis that the Receiver's motion interferes with another motion that is pending before the court. The other motion is for an order declaring who has a legal interest in the Crosby Green insurance proceeds and the Crosby Green real property. Additional discovery was needed to address that motion. Thus, that motion has been stayed until additional discovery and briefing has been completed.

The Receiver's Motion for Order Directing Payment of Receivership Expenses seeks to have the Receivership's administrative expenses paid out of the Crosby Green insurance proceeds.

---

[1] The following are the Crosby Green Intervenors: Jon Howard Van de Grift and Sharon Ann Dudek-Van de Grift as Trustees of the Jon Howard Van de Grift and Sharon Ann Dudek-Van de Grift Family Trust; Jon H. Van de Grift, individually; Sharon Ann Dudek-Van de Grift, individually; Marlene J. Walshin as Trustee of the Marlene J. Walshin Trust; Marlene J. Walshin, individually; and Matthew R. Walshin.

-1-

Receivership fees may be paid from property in the receivership as long as "the receiver's acts have benefitted that property."[2] It is clear that the Receiver's acts have benefitted the Crosby Green property because he obtained insurance coverage for wind damage. Absent the Receiver's actions, a mortgage would still exist on the property, with the Crosby Green Intervenors as responsible parties on the recourse loan.[3]

Moreover, the issue of administrative expenses is separate from the issue of ownership of the property. Regardless of how ownership is determined, administrative expenses will be paid from the Crosby Green assets because that property benefitted from the Receiver's actions. Accordingly, the motion to stay is denied.

A question nevertheless exists regarding whether all of the administrative expenses should be paid from the Crosby Green insurance proceeds. In *Elliott*, the court held that it is inappropriate to apportion administrative costs against a property without first attempting to "devise a method of allocating the actual costs of the receivership to specific assets."[4] Only if allocation is impossible may the court determine the best basis for allocation.[5]

Based on the foregoing, the court HEREBY ORDERS

1. Crosby Green Intervenors' Motion to Stay Consideration of the Receiver's Motion

---

[2] *Securities & Exchange Commission v. Elliott*, 953 F.2d 1560, 1576 (11th Cir. 1992) (citations omitted).

[3] *See* E-mail to Andra Tipton, dated September 18, 2008 (Docket No. 304, Ex. A).

[4] *Elliott*, 953 F.2d at 1578.

[5] *Id.*

for Order Directing Payment of Receivership Expenses is DENIED.[6]

2. On or before **October 2, 2009**, the Receiver shall propose a method for allocating the actual costs of the Receivership to specific assets. If such an allocation is not possible, the Receiver shall explain why it is not possible.

3. Any party that opposes the Receiver's response shall file an opposition memorandum on or before **October 16, 2009**.

4. If the Receiver determines that a reply is necessary to any opposition memorandum that may be filed, the Receiver shall file a reply on or before **October 23, 2009**.

DATED this 10th day of September, 2009.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[6] Docket No. 303.