Thomas M. Melton (4999)
Karen L. Martinez (7914)
Attorneys for Plaintiff
Securities & Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Tel.  801-524-5796

FILED
U.S. DISTRICT COURT

2010 AUG 18  P 1: 59

DISTRICT OF UTAH

BY: _____
     DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>MADISON REAL ESTATE GROUP, LLC, a Wyoming limited liability company, RICHARD AMES HIGGINS, BRANDON S. HIGGINS, and ALLAN D. CHRISTENSEN,<br><br>DEFENDANTS. | **FINAL JUDGMENT AS TO DEFENDANT MADISON REAL ESTATE GROUP, LLC**<br><br>Civil No. 2:08cv00243<br><br>Judge Clark Waddoups |

The Securities and Exchange Commission ("Commission"), having filed a

Complaint and Defendant Madison Real Estate Group, LLC ("Defendant"), having

entered a general appearance, consented to the Court's jurisdiction over Defendant and

the subject matter of this action; consented to entry of this Final Judgment without

admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and, waived any right to appeal from this Final

Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

     (a)     to employ any device, scheme, or artifice to defraud;

     (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

     (c)     to engage in any act, practice, or course of business which operates or would  operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in

the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $15,042,116.00 in ill-gotten gains as a result of the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $75,210.58, for a total amount of $15,117,326.58. The court-appointed Receiver shall, pursuant to court order, liquidate and convert into money all assets belonging to the Defendant. To facilitate the Receiver's identification, marshaling and liquidation of assets of all Defendants, the Order Freezing Assets and Prohibiting Destruction of Documents (Docket # 8) and all extensions and amendments of that Order, imposed pursuant to stipulation, Court order or otherwise, shall remain effective until further order of the Court. Any disgorgement and/or prejudgment interest not collected at the conclusion of the Receivership shall be waived, upon submission of the final accounting prepared by the Receiver and approved by the Court.

The Commission may, by motion, propose a plan to liquidate and distribute the assets, subject to the Court's approval.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated this _____18th_____ day of _August_ 2010.

_____
UNITED STATES DISTRICT JUDGE

4